HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 & 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH & SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> K L PACIFIC CONSTRUCTION, INC., <br><br> Defendant. | CASE NO. C12-1609RAJ <br><br> ORDER |

This matter comes before the court on Plaintiffs' motion for default judgment. Dkt. # 10. The court GRANTS the motion in part, and directs the clerk to enter a default judgment, but for less than the amount Plaintiffs requested.

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P.

ORDER – 1

55(b)(2)(B).  Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are a collection of union trust funds along with a single local union that is a beneficiary of those trusts.  They allege that Defendant, a construction company, agreed to make monthly contributions to the trust funds based on the hours its union employees worked, agreed to pay 12% liquidated damages for any delinquent contributions, agreed to pay 12% annual interest on delinquent contributions, and agreed to pay audit expenses, attorney fees, and costs.  Complaint (Dkt. # 1) Count 1, ¶¶ V-VI.  Defendant also agreed to pay monthly contributions to the local union.  *Id.* Count 2, ¶ III.  The court accepts these allegations of the complaint.

To support its claim from damages, Plaintiffs submit Defendant's monthly remittance reports from July through September of this year.  Hinkle Decl., Ex. E.  Each of those reports reflects contributions owed to each of the three Plaintiff trust funds.  The only amount on the remittance report that plainly is payable to the local union is union dues.  The union has also attempted to claim something called "U P," although the reports contain no entry for "U P."  Instead, the amount Plaintiffs claim for "U P" corresponds to an entry labeled "LCP" on each remittance report  Although the court is willing to assume that dues are among the monthly contributions Defendant owed the union directly, the court will not make that assumption about "U P" or "LCP" or any other amount.  Plaintiffs summarized Defendant's unpaid contributions, as well as the interest and liquidated damages in a spreadsheet.  Hinkle Decl., Ex. F.  The court accepts those calculations, except that it will award no judgment to the local union based on any amount except unpaid dues.

ORDER – 2

Plaintiffs contend that they are entitled to $486 for attorney fees, and their attorney attaches a spreadsheet to support that request. Reid Decl. ¶ 17 & Ex. B. The attorney contends that Plaintiffs actually "incurred" these attorney fees, suggesting that they paid them. Reid Dec. ¶ 17. The attached spreadsheet, however, is not a billing record. The court accepts counsel's implicit statement that Plaintiffs actually paid $486 in attorney fees, even though the only evidence from Plaintiffs themselves is silent as to the amount of fees they paid. Hinkle Decl. ¶ 15. The attorney does not acknowledge that the spreadsheet includes $318 for two people who are not attorneys. Reid Decl., Ex. B. Plaintiffs have only established that they are entitled to attorney fees, and have made no argument that non-attorney work is compensable. The court deducts $318 from the request. The court accepts Plaintiffs' request for $430 in costs. Reid Decl., Ex. B.

The clerk shall award a default judgment to Plaintiffs. To the Plaintiff trust funds, the judgment shall award $7646.43 in unpaid contributions, with liquidated damages of $2157.71, and $313.20 in interest through November 27, 2012 on the unpaid contributions. Interest on the unpaid contributions only shall accrue thereafter at 12% per year. To the local union, the judgment shall award $341.57 for unpaid dues. To all Plaintiffs, the judgment shall award attorney fees of $132 and costs of $405.

DATED this 28th day of December, 2012

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3